UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BIBI SHANAZ LALL,

    Petitioner,

Case No. 8:14-CV-1367-T-23MAP
8:06-CR-508-T-23MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

O R D E R

    This cause comes on for consideration of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv-D-1; Cr-D-155). Because review of "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court will not cause notice of the motion to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255(b).

    By way of background, in December 2006, Petitioner and her co-defendant, Paul Anthony Graham, were charged in an Indictment with armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and 2, and using and carrying a firearm during and in relation to and knowingly possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). On July 11, 2007, Petitioner pled guilty to Count One pursuant to a written plea agreement. On November 13, 2007, the Court sentenced

Petitioner to a term of imprisonment of 151 months. Petitioner did not appeal.

On June 4, 2014, nearly seven years after Petitioner's sentencing, Petitioner filed a § 2255 motion raising various claims of ineffective assistance of counsel. Specifically, Petitioner claims that her counsel was ineffective in failing to: (1) challenge Count One of the Indictment as being improperly duplicitous or multiplicitous; (2) learn the fact and familiarize himself with the law in relation to the plea offered by the Government; (3) interview witnesses, adequately advise Petitioner of the elements of the offenses and potential defenses, and initiate plea bargaining negotiations before advising Petitioner to plead guilty.

There is a one-year statute of limitations period on the filing of all non-capital habeas petitions and motions attacking sentence in federal courts. 28 U.S.C. § 2255(f). Unless one of the three exceptions applies as provided in § 2255(f)(2)-(4), the statutory period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Where the defendant does not pursue a direct appeal, his conviction becomes final when the time expires for filing a direct appeal. Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000).

Petitioner's conviction became final on November 29, 2007, when her time to file a notice of appeal of the judgment expired.[1] She had one year from that date, until December 1, 2008, to file a § 2255 motion. Therefore, unless she can show one of the exceptions applies, Petitioner is time-barred because she filed the instant § 2255 motion on June 4, 2014, which is clearly past the one-year deadline from the date on which her conviction became final.

Petitioner contends that her motion is timely under § 2255(f)(3). Section 2255(f)(3) provides that the statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner, however, fails to present any claim involving a right newly recognized by the Supreme Court and made retroactive on collateral review. As such, Petitioner cannot avail herself of a delayed start to the one-year limitation under § 2255(f)(3), and her motion is untimely.

Finally, Petitioner does not raise an equitable tolling argument. In any event, there is no evidence that "extraordinary

---

[1] At the time of Petitioner's sentencing, a notice of appeal had to be filed within 10 business days after the entry of the judgment. Fed.R.App.P. 4(b)(1)(A)(i) (2007). The Court entered the Judgment in a Criminal Case on November 14, 2007. (Cr-D-126.)

circumstances" beyond Petitioner's control made it impossible for her to file her § 2255 motion on time. <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir. 1999).

IT IS ORDERED that:

(1) Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv-D-1; Cr-D-155) is DISMISSED as untimely.

(2) The Clerk is directed to CLOSE the civil case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u> DENIED**

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). <u>Id.</u> "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." <u>Id.</u> at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u> 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'"

Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, she is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida this 15th day of June, 2014.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE