UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                    Case No. 8:06-CR-508-T-23MAP

BIBI SHANZ LALL
_____/

**O R D E R**

Before the Court is Defendant's motion styled "Motion Pursuant to Fast Track USSG 5K3.1" (D-113).

Defendant is serving a 151 month sentence of incarceration for bank robbery. Defendant is currently due to be released from incarceration in September 2018.

Defendant, who was born in Guyana and is a resident alien of the United States, seeks a reduction in sentence based upon the Fast Track Early Disposition Program and U.S.S.G. § 5K1.3. Defendant states that she will waive her right to a removal hearing. Defendant, however, fails to recognize that the Court may not reduce a sentence except in limited circumstances.

Section 3582(c) provides that a court may modify a term of imprisonment when (1) the Director of the Bureau of Prisons moves for a reduction in sentence; (2) Rule 35 of the Federal Rules of Criminal Procedure permits modification; or (3) the sentencing range that has been imposed has been subsequently been lowered by the Sentencing Commission. 18 U.S.C. §3582(c). Unfortunately for the Defendant, none of the foregoing circumstances is present here.

The Director of the Bureau of Prisons has not filed a motion seeking reduction in Defendant's sentence, nor has Defendant's sentencing range been lowered by the Sentencing Commission. Finally, Rule 35 allows the a court to correct a sentence only within seven days of sentencing or to reduce a sentence for substantial assistance based upon a motion by the government. Fed.R.Crim.P. 35(a) and (b). Neither condition is present here.

While Defendant argues that she was not considered for such a downward departure at her sentencing in November 2007, the Middle District of Florida did not have a fast track program at that time. United States v. Llanos-Agoistadero, 486 F.3d 1194, 1199 (11th Cir. 2007) (recognizing that no "fast track program" existed in the Middle District of Florida). The program now in place requires a motion by the Government in order for the Court to depart downward. Mem. from Deputy Attorney General James M. Cole to U.S. Attorneys at III.D. (Jan. 31, 2012), available at http://www.justice.gov/dag/fasttrack-program.pdf. Furthermore, it does not appear that Defendant would have been eligible had such a program existed at the time as the Fast Track program relates to felony illegal reentry cases. Defendant was convicted of bank robbery not illegal reentry. As such, the Court has no authority to reduce Defendant's sentence.

The Court therefore ORDERS as follows:

1) Defendant's "Motion Pursuant to Fast Track USSG 5K3.1" (D-113) is DENIED.

DONE AND ORDERED at Tampa, Florida this 28th day of July, 2014.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE